UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| MALANJE PHEA, | No. 2:20-cv-1081 AC P |
| Plaintiff, | |
| v. | ORDER AND FINDINGS AND RECOMMENDATIONS |
| JASON JACOBO, et al., | |
| Defendants. | |

Plaintiff, a state prisoner proceeding pro se, seeks relief pursuant to 42 U.S.C. § 1983 and has requested leave to proceed in forma pauperis pursuant to 28 U.S.C. § 1915.

I.   Application to Proceed In Forma Pauperis

Plaintiff has submitted a declaration that makes the showing required by 28 U.S.C. § 1915(a).  ECF No. 7.  Accordingly, the request to proceed in forma pauperis will be granted.

Plaintiff is required to pay the statutory filing fee of $350.00 for this action.  28 U.S.C. §§ 1914(a), 1915(b)(1).  By this order, plaintiff will be assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1).  By separate order, the court will direct the appropriate agency to collect the initial partial filing fee from plaintiff's trust account and forward it to the Clerk of the Court.  Thereafter, plaintiff will be obligated for monthly payments of twenty percent of the preceding month's income credited to plaintiff's prison trust account.  These payments will be forwarded by the appropriate agency to the Clerk of the Court each time

the amount in plaintiff's account exceeds $10.00, until the filing fee is paid in full. 28 U.S.C. § 1915(b)(2).

II. <u>Statutory Screening of Prisoner Complaints</u>

The court is required to screen complaints brought by prisoners seeking relief against a governmental entity or officer or employee of a governmental entity. 28 U.S.C. § 1915A(a). The court must dismiss a complaint or portion thereof if the prisoner has raised claims that are "frivolous, malicious, or fail[] to state a claim upon which relief may be granted," or that "seek[] monetary relief from a defendant who is immune from such relief." 28 U.S.C. § 1915A(b).

A claim "is [legally] frivolous where it lacks an arguable basis either in law or in fact." <u>Neitzke v. Williams</u>, 490 U.S. 319, 325 (1989); <u>Franklin v. Murphy</u>, 745 F.2d 1221, 1227-28 (9th Cir. 1984). "[A] judge may dismiss . . . claims which are 'based on indisputably meritless legal theories' or whose 'factual contentions are clearly baseless.'" <u>Jackson v. Arizona</u>, 885 F.2d 639, 640 (9th Cir. 1989) (quoting <u>Neitzke</u>, 490 U.S. at 327), <u>superseded by statute on other grounds as stated in</u> <u>Lopez v. Smith</u>, 203 F.3d 1122, 1130 (9th Cir. 2000). The critical inquiry is whether a constitutional claim, however inartfully pleaded, has an arguable legal and factual basis. <u>Franklin</u>, 745 F.2d at 1227-28 (citations omitted).

"Federal Rule of Civil Procedure 8(a)(2) requires only 'a short and plain statement of the claim showing that the pleader is entitled to relief,' in order to 'give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" <u>Bell Atl. Corp. v. Twombly</u>, 550 U.S. 544, 555 (2007) (alteration in original) (quoting <u>Conley v. Gibson</u>, 355 U.S. 41, 47 (1957)). "Failure to state a claim under § 1915A incorporates the familiar standard applied in the context of failure to state a claim under Federal Rule of Civil Procedure 12(b)(6)." <u>Wilhelm v. Rotman</u>, 680 F.3d 1113, 1121 (9th Cir. 2012) (citations omitted). In order to survive dismissal for failure to state a claim, a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." <u>Twombly</u>, 550 U.S. at 555 (citations omitted). "'[T]he pleading must contain something more . . . than . . . a statement of facts that merely creates a

////

suspicion [of] a legally cognizable right of action.'" Id. (alteration in original) (quoting 5 Charles Alan Wright & Arthur R. Miller, Federal Practice and Procedure § 1216 (3d ed. 2004)).

"[A] complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009) (quoting Twombly, 550 U.S. at 570). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Id. (citing Twombly, 550 U.S. at 556). In reviewing a complaint under this standard, the court must accept as true the allegations of the complaint in question, Hosp. Bldg. Co. v. Trs. of the Rex Hosp., 425 U.S. 738, 740 (1976) (citation omitted), as well as construe the pleading in the light most favorable to the plaintiff and resolve all doubts in the plaintiff's favor, Jenkins v. McKeithen, 395 U.S. 411, 421 (1969) (citations omitted).

### III. Complaint

The complaint states a total of ten claims, one against each of ten defendants. ECF No. 1. It appears from plaintiff's allegations that he was convicted in Sacramento County of sex crimes against minors. The first seven claims implicate the validity of the conviction(s); the final three claims challenge plaintiff's classification within CDCR and his consequent ineligibility for sentencing relief under various California criminal justice reforms. More specifically, the complaint alleges that the following conduct violated plaintiff's civil rights.

Claim One alleges that Detective Jason Jacobo of the Elk Grove Police Department fabricated evidence against plaintiff, filed unfounded charges, and improperly obtained search warrants. ECF No. 1 at 4-5. Claim Two alleges that Assistant District Attorney Shelly McGill filed false charges and engaged in various acts of misconduct in relation to plaintiff's prosecution. Id. at 6-7. Claim Three alleges that Assistant Public Defender Amanda Benson provided ineffective assistance in numerous specified ways. Id. at 8-9. Claims Four through Seven allege various types of judicial misconduct by, respectively, Superior Court Judges David W. Abbott, Steve White, Kevin J. McCormick, and Timothy M. Frawley. ECF No. 1 at 10-17.

Claims Eight through Ten allege respectively that Correctional Counselor S. Borge, Supervisor Mrs. Mills, and CCRA E. Racacho, all of Duel Vocational Institution, provided false

1    case status information, refused to correct false case status information, and misclassified plaintiff
2    as a high security risk.  As a result, plaintiff was transferred to a high security prison, subject to
3    involuntary placement in segregated housing, and wrongly deprived of consideration under
4    Propositions 36, 47, and 57.  ECF No. 1 at 18-23.
5         Plaintiff seeks compensatory and punitive damages.  Id. at 24.
6    IV.    Failure to State a Claim
7         A.  Claims One Through Seven Are Heck-Barred
8         In Heck v. Humphrey, 512 U.S. 477, 487 (1994), the Supreme Court held that a prisoner
9    may not proceed on a claim for damages under § 1983 if a judgment favoring plaintiff "would
10   necessarily imply the invalidity of his conviction or sentence."  In such a case, plaintiff is
11   foreclosed from proceeding absent proof that the conviction or sentence has been reversed,
12   expunged or invalidated.  Id. at 486-487.  Claims One through Seven of the complaint before the
13   court all necessarily imply the invalidity of plaintiff's conviction.  Each of these claims
14   challenges an aspect of the investigation, prosecution, and/or adjudication of the case against
15   plaintiff.  Each claim includes an assertion of plaintiff's innocence, and alleges directly or by
16   implication that defendant's actions caused a wrongful conviction.  Under Heck, plaintiff is
17   barred from bringing such claims for damages unless and until his conviction has been set aside.
18        B.  The Judge and Attorney Defendants Are Not Amenable to Suit
19        A judge is absolutely immune from suits seeking monetary damages for acts performed in
20   his or her judicial capacity.  Mireles v. Waco, 502 U.S. 9 (1991).  Plaintiff's allegations against
21   each of the four judicial defendants involve acts performed in their judicial capacities.  Plaintiff
22   states that each judge violated his due process rights "through their private conduct," see, e.g.,
23   ECF No. 1 at 10, but immunity turns on the nature of the conduct and not on plaintiff's
24   characterization of it.  The factual statement as to each judge describes adjudicative acts taken in
25   plaintiff's criminal case.  Because the subject matter jurisdiction of superior court judges includes
26   criminal cases, none of the judicial defendants was acting in the "complete absence of all
27   jurisdiction," such that they might be civilly liable for any wrongs done to plaintiff.  See Miller v.
28   Davis, 521 F.3d 1142, 1147 (9th Cir. 2008).

Prosecutors performing their traditional functions as advocates are also immune from civil liability for any misconduct they may commit. Kalina v. Fletcher, 522 U.S. 118, 125 (1997). Plaintiff's Claim Two alleges prosecutorial misconduct in the course of a criminal case. Because the conduct at issue was "intimately associated with the judicial phase of the criminal process," absolute immunity applies. Imbler v. Pachtman, 424 U.S. 409, 430 (1976).

Although the protection afforded to public defenders is not an immunity, it is well-established that a public defender is not a person who acts "under color of law" within the meaning of § 1983. Polk County v. Dodson, 454 U.S. 312, 325 (1981). When a public defender is "performing a lawyer's traditional functions as counsel to a defendant in a criminal proceeding," a § 1983 claim therefore does not lie. Id. Here, plaintiff alleges ineffective assistance of counsel leading to a wrongful conviction. This may be a cognizable basis for a habeas claim, but it does not support a claim for damages as a matter of law. And potential claims for legal malpractice do not come within the jurisdiction of the federal courts. Franklin v. Oregon, 662 F.2d 1337, 1344 (9th Cir. 1981). Accordingly, Claim Three does not state any claim for relief.

### C. Claims Eight Through Ten Fail to Present a Federal Claim

Plaintiff's allegations of error and misconduct in the prison classification process fail to state a claim for relief under the due process clause. A prisoner has no liberty interest in his security classification, and therefore a dispute regarding classification cannot support a due process claim. See Meachum v. Fano, 427 U.S. 215, 224-25 (1976); Myron v. Terhune, 476 F.3d 716, 718 (9th Cir. 2007). The calculation of security classification and related matters are governed exclusively by state law and CDCR policy, and therefore will not support a § 1983 claim. See 42 U.S.C. § 1983 (establishing liability for deprivation of rights under *federal* law). To the extent that plaintiff challenges his exclusion from consideration for sentence reduction or other benefits under various California criminal justice reforms, that is also a state law matter which is outside the scope of this court's review. Plaintiff may not "transform a state law issue into a federal one merely by asserting a violation of due process." Langford v. Day, 110 F.3d 1380, 1389 (9th Cir. 1996).

V.      No Leave to Amend

Leave to amend need not be granted when amendment would be futile. Hartmann v. CDCR, 707 F.3d 1114, 1130 (9th Cir. 2013). "Courts are not required to grant leave to amend if a complaint lacks merit entirely." Lopez v. Smith, 203 F.3d 1122, 1129 (9th Cir. 2000). Here, none of the complaint's defects can be cured by amendment. Plaintiff's claims against numerous absolutely immune defendants, his claim against his public defender, and all claims implying the invalidity of his conviction fail as a matter of law and cannot be saved by the pleading of additional facts. Plaintiff's challenge to his prison classification fails to suggest any cognizable federal claim or theory of relief. Accordingly, leave to amend should not be provided.

VI.     Plain Language Summary of this Order for a Pro Se Litigant

Your application to proceed in forma pauperis is granted and you are not required to pay the entire filing fee immediately.

The court has screened your complaint and finds that it does not state a claim for relief. You cannot bring a civil rights lawsuit for damages that implies you were wrongfully prosecuted and convicted. You must get your conviction overturned before you can sue anyone. Even if your conviction is reversed, though, you can't sue judges or prosecutors for things they do handling cases. You can't bring a section 1983 claim against a public defender, either. And you can't base a due process claim on your classification within CDCR. Because these problems with your claims are not ones that can be fixed, the magistrate judge is recommending that your case be dismissed.

CONCLUSION

In accordance with the above, IT IS HEREBY ORDERED that:

1. Plaintiff's request for leave to proceed in forma pauperis (ECF No. 7) is granted.

2. Plaintiff is obligated to pay the statutory filing fee of $350.00 for this action. Plaintiff is assessed an initial partial filing fee in accordance with the provisions of 28 U.S.C. § 1915(b)(1). All fees shall be collected and paid in accordance with this court's order to the Director of the California Department of Corrections and Rehabilitation filed concurrently herewith.

3. The Clerk of Court is directed to randomly assign a district judge to this action.

It is FURTHER RECOMMENDED that:

1. The complaint be DISMISSED pursuant to 28 U.S.C. § 1915A(a), without leave to amend, for failure to state a claim upon which relief may be granted; and

2. This case be CLOSED.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within fourteen (14) days after being served with these findings and recommendations, plaintiff may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  Plaintiff is advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: June 17, 2021.

_ALLISON CLAIRE_
UNITED STATES MAGISTRATE JUDGE